Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5127 | **DATE** | July 30, 2012 |
| **CASE TITLE** | Mohamed Alghazali (2011-1229126) vs. Grand and Central Police Station | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [5] is dismissed without prejudice. Plaintiff is granted thirty days to submit a second amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff an amended civil rights complaint form with instructions. Failure to submit a second amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■[For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff, Mohamed Alghazali, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 3, 2012, Plaintiff was allowed to proceed *in forma pauperis*; however, his complaint was dismissed without prejudice for failure to state a claim against a suable defendant. Plaintiff has submitted an amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that he was arrested in December of 2011. He alleges that the arresting police officer used excessive force during the arrest, breaking Plaintiff's hand. Plaintiff further alleges that he has not received proper medical care for the broken hand at Cook County Jail. Plaintiff now names Detective Sheamus Fergus as a the sole Defendant. His only allegation as to Detective Fergus is that he is the partner of the police officer that broke Plaintiff's hand.

Plaintiff's amended complaint fails to state a claim against Detective Fergus. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff does not allege that Detective Fergus was involved in any manner in the alleged excessive force. In addition, Plaintiff does not name any Defendants regarding the lack of medical care at Cook County Jail for his injured hand. Furthermore, Plaintiff attaches a grievance he has just filed at Cook County Jail regarding needed medical attention to hand. Plaintiff must fully exhaust his administrative remedies as to any claim regarding the alleged lack of medical care at Cook County Jail. Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).
A prisoner must take all the steps required by the prison's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.

As set forth in the Court's previous order, Plaintiff does not appear to know the name of the police officer Defendant. When a plaintiff does not know the names of the persons who actually injured him, the law permits the

| STATEMENT |
|---|

court, at the pleading stage, to make an inference of responsibility on the part of the defendant's immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wants to pursue his claim but cannot name the police officer, he should amend the complaint to add as a Defendant a supervisory official or administrator who is in a position to identify the unknown Defendant (such as the Chicago Police Chief Garry McCarthy). Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, Plaintiff may send defense counsel interrogatories (a list of questions) eliciting information regarding the identity of the Defendant who allegedly violated his constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendant's identity, he may ask leave of court to amend his complaint to substitute his/her name in place of the unknown police officer. Summons would then issue for service on the Defendant in interest and the supervisory Defendant will be dismissed.

    In light of the above, the Court dismisses the amended complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit a second amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

    Plaintiff is cautioned that an amended pleading supersedes the previous complaints and must stand complete on its own. Therefore, all allegations must be set forth in the second amended complaint, without reference to the previous complaints. Any exhibits Plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

    The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed.