Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5127 | **DATE** | August 21, 2012 |
| **CASE TITLE** | Mohamed Alghazali (2011-1229126) vs. Grand and Central Police Station | | |

**DOCKET ENTRY TEXT**

Plaintiff's second amended compliant [7] is dismissed without prejudice. Plaintiff is granted thirty days to submit a third amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff an amended civil rights complaint form with instructions. Failure to submit a third amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety. Plaintiff's motion for leave to proceed *in forma pauperis* [8] is denied as moot; Plaintiff has already been granted leave to proceed *in forma pauperis*.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff, Mohamed Alghazali, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 3, 2012, Plaintiff was allowed to proceed *in forma pauperis*; however, his complaint was dismissed without prejudice for failure to state a claim against a suable defendant. Plaintiff's original complaint appeared to raise a claim of excessive force against an unknown police officer and lack of medical care at Cook County Jail for the resulting broken hand. Plaintiff submitted an amended complaint; however, on July 30, 2012, the amended complaint was dismissed for failure to state a claim against the sole named Defendant and the Court questioned whether Plaintiff had exhausted his administrative remedies as to his claims because he attached a grievance to the amended complaint that he had just filed at CCJ. Plaintiff again raised his excessive force and lack of proper medical care at CCJ in amended complaint. Plaintiff has now submitted a second amended complaint.
     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the second amended complaint.
     Plaintiff alleges that on June 26, 2012, he went to the dentist at CCJ to get a tooth pulled but the dentist pulled the wrong tooth. Plaintiff alleges he is still in pain from the dentist pulling a good tooth and not pulling the bad tooth. Plaintiff names Sheriff Thomas Dart as the sole Defendant.
     Plaintiff cannot raise this new, unrelated claim in this action. First, Plaintiff cannot amend the complaint in the present suit to raise a claim that did not accrue until after the original complaint in this was filed. Plaintiff's original complaint was filed on June 25, 2012 (based on postmark); Plaintiff's present claim did not accrue until the alleged conduct occurred, June 26, 2012, after this action was already filed. The claim and party in the proposed second amended complaint have no relation to the original claim and party in the original complaint. If Plaintiff seeks to raise these claims, he must file a new lawsuit. *See United States v. Antonelli*, 371 F.3d 360, 362 (7th Cir. 2004) (prisoner could not evade the PLRA's mandates by filing motion under criminal case number as opposed to filing a new civil action); *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) (per curiam) ("Prisoners who play games to avoid the PLRA should not expect courts to cooperate."); *see also Marion v. Columbia Correctional Institution*, 2007 WL 5346872, No. 07 C 243 (W.D. Wisc. June 18, 2007) (Crabb, J.) (holding prisoner must file a new lawsuit for unrelated claim from previously dismissed suit); *McCord v. Bertrand*, 2005 WL 752250, No. 05 C 68, (W.D. Wisc. March 29, 2005) (Crabb, J.) (prisoner that sought to raise new claims against new defendants must file a new lawsuit). Second, Plaintiff could not have exhausted his administrative remedies as to this claim before filing suit because the

| STATEMENT |
|---|
| original complaint was filed before the alleged unconstitutional conduct had occurred.
     In light of the above, the Court dismisses the second amended complaint without prejudice. Plaintiff is given one more opportunity to file an amended complaint that relates to his original complaint. Plaintiff is given 30 days from the date of this order to submit a third amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.
     Plaintiff is cautioned that an amended pleading supersedes the previous complaints and must stand complete on its own. Therefore, all allegations must be set forth in the third amended complaint, without reference to the previous complaints. Any exhibits Plaintiff wants the court to consider in its threshold review of the third amended complaint must be attached, and each copy of the third amended complaint must include complete copies of any and all exhibits. Furthermore, as set forth in the Court's previous order, Plaintiff must fully exhaust his administrative remedies as to any claim regarding the alleged lack of medical care at Cook County Jail.
     The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed. |