# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5127 | **DATE** | August 31, 2012 |
| **CASE TITLE** | Mohamed Alghazali (2011-1229126) vs. Grand and Central Police Station | | |

**DOCKET ENTRY TEXT**

Plaintiff's third amended compliant [11] is accepted. The clerk shall issue a summons for service on Defendant McCarthy and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. McCarthy remains as a defendant solely so that Plaintiff can identify the unknown defendant. The United States Marshals Service is appointed to serve Defendant. Plaintiff's motion for appointment of counsel [9] is denied without prejudice.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Mohamed Alghazali, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 3, 2012, Plaintiff was allowed to proceed *in forma pauperis*; however, his complaint was dismissed without prejudice for failure to state a claim against a suable defendant. Plaintiff's original complaint appeared to raise a claim of excessive force against an unknown police officer and lack of medical care at Cook County Jail for the resulting broken hand. Plaintiff submitted an amended complaint; however, on July 30, 2012, the amended complaint was dismissed for failure to state a claim against the sole named Defendant. Plaintiff submitted a second amended complaint and on August 17, 2012, that complaint was dismissed without prejudice because it raised a new, unrelated claim. Plaintiff has now submitted a third amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the third amended complaint.

Plaintiff alleges that he was arrested on December 27, 2011, at which time a Chicago Police Officer used excessive force on Plaintiff, breaking his hand. Plaintiff does not know the name of the police officer but names Chicago Police Chief Garry McCarthy.

Police Chief McCarthy remains as a defendant solely so that Plaintiff may discover the identity of the unknown police officer that allegedly used excessive force on Plaintiff. Once an attorney has entered an appearance on McCarthy's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the presently unnamed officer who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns his/her identity, he may submit a proposed amended complaint that names him/her under their actual names. Summons will then issue for service on this defendant, and McCarthy will be dismissed as a defendant. Plaintiff is advised that there is a two year statute of limitations for his claims. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007). Plaintiff must submit a proposed fourth amended complaint naming this defendant within the statute of limitations period if he wishes to proceed against him/her. *Jackson v. Kotter*, 541 F.3d 688, 696

| STATEMENT |
|---|

(7th Cir. 2008); *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993).

The clerk shall issue a summons for service on Defendant McCarthy and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve McCarthy. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendant [or to defense counsel, once an attorney has entered an appearance on behalf of defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment of counsel is denied without prejudice. "There is no constitutional or statutory right to counsel in federal civil cases," but this Court does have "discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant." *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993)). In determining whether to request counsel to represent plaintiff, this Court considers whether: (1) plaintiff "has made reasonable attempts to secure counsel on his own;" and, if so, (2) "the complexity of the case and whether the plaintiff appears competent to litigate it on his own." *Romanelli*, 615 F.3d at 851-52 (citing *Pruitt*, 503 F.3d at 654-55). This Court has discretion in determining whether to recruit counsel for a pro se plaintiff. *Jackson v. Kotter*, 541 F.3d at 700 (quoting *Pruitt*, 503 F.3d at 655).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time. Plaintiff has articulated colorable claims and has adequately investigated the facts giving rise to his amended complaint. Neither the legal issues raised in the amended complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.