# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5127 | **DATE** | March 29, 2013 |
| **CASE TITLE** | Mohamed Alghazali (2011-1229126) vs. Grand and Central Police Station | | |

**DOCKET ENTRY TEXT**

On the Court's own motion, Plaintiff is granted an additional 30 days to show cause in writing why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). Plaintiff's failure to show cause in writing will result in dismissal of the case. Plaintiff's motion for the assistance of counsel [27] is denied without prejudice.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff, Mohamed Alghazali, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On August 31, 2012, Plaintiff was allowed to proceed with his complaint alleging excessive force by a Chicago Police Officer. Plaintiff does not know the identity of the individual involved in the alleged excessive force so McCarthy was retained as a Defendant for purposes of identifying the unknown Defendant. On December 17, 2012, Plaintiff was ordered to send Defendant McCarthy's counsel interrogatories within 30 days eliciting information regarding the identity of the Defendant who allegedly violated Plaintiff's constitutional rights. Defendant McCarthy was ordered to respond to the interrogatories 14 days thereafter. Plaintiff was ordered to file a status report with the court within 60 days of the order, informing the court the status of identifying the proper Defendant and the timing of filing an amended complaint that identifies that Defendant. Plaintiff was warned that his failure to comply with the order may result in the matter being dismissed for failure to prosecute. Plaintiff has not complied with the court's order.

     On March 7, 2013, Plaintiff was ordered to show cause in writing within 30 days why the case should not be dismissed without prejudice for failure to prosecute. Defense counsel has informed the Court that, due to an issue with the mail at Cook County, and through no fault of either party, Plaintiff's receipt of defense counsel's response to Plaintiff's interrogatories was delayed. Accordingly, on the Court's own motion, Plaintiff is granted an additional 30 days to show cause in writing why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). Plaintiff's failure to show cause in writing will result in dismissal of the case.

     Plaintiff also seeks the assistance of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to request counsel for Plaintiff, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome

| STATEMENT |
|---|
| of the case. *Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7thCir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.<br><br>After considering the above factors, the Court concludes that granting Plaintiff the assistance of counsel is not warranted in this case at this time. Plaintiff has articulated colorable claims and is adequately investigated the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.<br><br>As Plaintiff appears more than capable of presenting his case, the Court declines to grant Plaintiff the assistance of counsel at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney assistance is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request. |